# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | |
| **J. RUBEN GONZALEZ ROMERO,** | § | **EP-21-CR-01537-DCG** |
| **also known as (a.k.a.):** | § | |
| **Reuben Gonzalez Romero** | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER STAYING RELEASE ORDER AND GRANTING *DE NOVO* DETENTION HEARING

Before the Court is the Government's "Motion for Review of Magistrate Judge's Decision Releasing Defendant on Personal Recognizance, Motion for *De Novo* Detention Hearing in the Western District of Texas, and Motion for Stay of Release Order" ("Motion") (ECF No. 9), filed on October 13, 2021. At this moment, the Government is requesting only that the Court stay Magistrate Judge John L. Weinberg's order releasing Defendant on personal recognizance,[1] and that the Court hold a *de novo* detention hearing. The Government advises the Court that it will later submit a brief in support of its argument that Defendant should be detained without bond. For the reasons the follow, the Court grants the Government's Motion.

## I.   BACKGROUND

On September 15, 2021, in the Western District of Texas, El Paso Division, Defendant was indicated on two counts of unlawfully transferring false identification documents, in violation of 18 U.S.C. § 1028(a)(2) and (b)(1)(A)(i). Authorities arrested Defendant in Washington State on October 6, 2021. On October 12, 2021, Magistrate Judge Weinberg, sitting

---

[1] The Government indicates in its Motion that Judge Weinberg has not yet entered a written order releasing Defendant on personal recognizance. The Court also has not located a written opinion on the docket in the Western District of Washington. *See United States v. Romero*, No. 2:21-mj-00544-SKV-1 (W.D. Wash. 2021).

in the Western District of Washington, held a detention hearing.  Judge Weinberg orally denied

the Government's motion to detain Defendant without bond and ordered Defendant released with

electronic monitoring.  On October 13, 2021, Magistrate Judge S. Kate Vaughan, sitting in the

Western District of Washington, stayed Defendant's release pending a decision by this Court.

The Government appeals Judge Weinberg's decision.

     The Government seeks a stay of the release order so that Defendant remains in custody

prior to a *de novo* detention hearing.  According to the Government, Defendant should be

detained without bond.  In support of this position, the Government asserts that Defendant is

both a flight risk and a danger to the community.  Defendant is a flight risk, the Government

alleges, because he is a foreign national with no permission to remain in the United States and

because he has before failed to appear for a criminal proceeding.  As for Defendant presenting a

danger to the community, the Government alleges Defendant has had four prior arrests for

driving under the influence.  In order to temporarily prevent flight and a danger to the

community while the Government and Defendant prepare for a *de novo* detention hearing before

a district judge, the Government seeks a stay on Judge Weinberg's release order.

## II.    ANALYSIS

     As an initial matter, the Court must decide whether a district judge can stay a release

order issued by a magistrate judge of a different jurisdiction.  Review of releases orders are

governed by 18 U.S.C. § 3145.  In relevant part, the statute states:

> (a) Review of a release order.—If a person is ordered released by a magistrate
> judge, or by a person other than a judge of the court having original jurisdiction
> over the offense and other than Federal appellate court—
>
> > (1) the attorney for the Government may file, with the court having
> > original jurisdiction over the offense, a motion for revocation of the order
> > or amendment of the conditions of release; and

(2) the person may file, with the court having original jurisdiction over the offense, a motion for amendments of release.

The motion shall be determined promptly.

18 U.S.C. § 3145(a) (hereinafter "section 3145").

By its plain language, the statue authorizes a district judge to review a magistrate judge's release order. 18 U.S.C. § 3145(a)(1). But the statute is silent on the question of which district is the appropriate one to issue a stay of a magistrate judge's release order.[2] Is the authority to grant a stay with the district court of the jurisdiction in which the magistrate judge sits, or is it with the district court of the jurisdiction where a defendant allegedly committed the offense and was indicted?

The Fifth Circuit has not had the occasion to directly address this question. The Fifth Circuit has, however, determined that a district court has the authority to stay a magistrate judge's release order, even though section 3145 does not expressly provide that authority. *United States v. Brigham*, 569 F.3d 220, 230 (5th Cir. 2009). In so holding, the Fifth Circuit noted the importance of a stay order to the exercise of the district court's authority to substantively review a magistrate judge's release order:

> [G]iven that the issue being reviewed involves a person's release from custody pending further legal proceedings, the absence of stay authority could render the district court's review power illusory. Specifically, if the district court disagrees with the magistrate judge's determination regarding release versus detention, but no stay is in place, the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered.

*Id.* at 230.

---

[2] Section 3145 is also not precisely written to make clear which district should review a magistrate judge's release order on the merits. The statute provides that "the court having original jurisdiction over the offense" should review the release order. 18 U.S.C. § 3145(a). But a separate criminal procedure statue broadly provides that "[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States." 18 U.S.C. § 3231. The phrase "original jurisdiction" in section 3145 must be narrower that the broad grant of jurisdiction over all federal criminal matters as provided for in section 3231. *See, e.g.*, *United States v. Vega*, 438 F.3d 801, 803 (7th Cir. 2006).

This language strongly suggests that the power to stay a release order is coupled with a district court's authority to substantively review a magistrate judge's release order. Further legal proceedings—that is, those beyond the initial detention hearing—will take place in the district where a defendant committed the alleged offense. *See, e.g.*, *United States v. Cabrales*, 524 U.S. 1, 6 (1998); Fed. R. Crim. P. 18. If the stay and review authority are coupled, it stands to reason then that a district judge in the jurisdiction where the offense took place would have the authority to issue a stay of a release order, even if the release order was issued by a magistrate judge in a different jurisdiction. *See United States v. Vega*, 438 F.3d 801, 803 (7th Cir. 2006) (noting that the language of section 3145 should be read as limiting "review to the court where charges are pending"). As the Fifth Circuit stated, "the absence of stay authority could render the district court's review power illusory." *Bringham*, 569 F.3d at 230; *Vega*, 438 F.3d at 803 ("[I]t is the court where the charges are pending that is responsible for any rulings that may be necessary to guarantee the defendant's presence for proceedings.").

Other circuits have addressed the question of which district has section 3145 authority. In *Vega*, for example, the defendant was charged in the Eastern District of Virginia, arrested in the Northern District of Illinois, and brought before a magistrate judge in the Northern District of Illinois, who granted release on bond. 438 F.3d at 802. The government filed for a stay of the release order in the Eastern District of Virginia, which the district judge granted. *Id.* The defendant then filed an emergency motion in the Northern District of Illinois seeking immediate release, which the judge denied for lack of jurisdiction. *Id.* The Seventh Circuit affirmed the district judge's order in the Northern District of Illinois, holding that review of the release order is required "in the district court where prosecution is pending." *Id.* at 803. In holding this way,

the Seventh Circuit recognized the authority of the Eastern District of Virginia to enter a stay on

the release order issued by a magistrate judge in the Northern District of Illinois.

   The Seventh Circuit does not stand alone.  Other circuits courts have persuasively argued

that section 3145 authority lies with the district court where the defendant allegedly committed

the offense.  The Second Circuit, in *United States v. El Edwy*, stated the following:

> Section 3145(a) . . . permits the court that will ultimately decide the question [of
> detention or conditional release] to adjudicate it in the first instance, without
> waiting for the defendant's ultimate appearance in the district.  The district court
> of the district of prosecution is not required to rely on the judgment of a
> magistrate judge in another district as to whether the defendant can be trusted to
> appear under an order of release.

272 F.3d 149, 153 (2d Cir. 2001).  *See also United States v. Munchel*, 991 F.3d 1273, 1278–85

(D.C. Cir. 2001) (reviewing the District Court for the District of Columbia's stay and review of

release order entered by a magistrate judge in the Middle District of Tennessee); *United States v.*

*Cisneros*, 328 F.3d 610 (10th Cir. 2003); *United States v. Torres*, 86 F.3d 1029, 1031 (11th Cir.

1996) (noting, with a stay issued by a district court of another jurisdiction, that "[t]he plain

language of section 3145 dictates that the district court with original jurisdiction over the

offense, *i.e.*, the prosecuting district . . . is the only proper one to review [a release order]");

*United States v. Evans*, 62 F.3d 1233 (9th Cir. 1995).

   The two lines of argument discussed above support that the district court in the district

where charges are pending can enter a stay of a release order issued by a magistrate judge of a

different jurisdiction.  First, the principle stated by the Fifth Circuit in *Brigham*—that "the

absence of stay authority could render the district court's review power illusory"—supports that

a district court in the district where charges are pending ought to be able to protect its review

authority by issuing a stay of release order.  Combining this principle with the holdings of other

circuits that say that the district court where charges are pending has the authority to review a

release order even when a release order was issued by a magistrate judge of a different jurisdiction, supports this Court's finding that it has the authority to stay Judge Weinberg's release order in this case.

This conclusion finds additional persuasive support in a number of decisions from district courts in the Fifth Circuit. These district courts have entered stays of release orders issued by magistrate judges in other districts. *See United States v. Yusuf*, No. 4:19-CR-271-SDJ, 2020 WL 607105 (E.D. Tex. Feb. 7, 2020); *United States v. Sotelo*, 4:20-CR-179-SDJ, 2020 WL 6684963 (E.D. Tex. Nov. 12, 2020); *United States v. Zhang Xiao Dong*, No. 3:17-cr-546-L, 2017 WL 5629513 (N.D. Tex. Nov. 22, 2017). And district courts of other circuits have done the same. *See, e.g.*, *United States v. Godines-Lupian*, 816 F. Supp. 2d 126, 127–28 (D.P.R. 2011) ("The court notes that it is most unusual and seldom seen that an Article III United States District Judge . . . stay a release order from a United States Magistrate Judge across the Nation, and of the District where [the defendant] was arrested. However, this is the law."). This Court adopts the same reading of section 3145 authority.

In doing so, the Court recognizes that the Sixth Circuit and at least one district court in the Fifth Circuit have held that the district court of the district where the magistrate judge issued the release order has the authority to review the release order. In *United States v. Johnson*, while reviewing section 3145(b), which contains relevant identical language to section 3145(a), the Sixth Circuit pointed out that section 3145 uses permissive language: a person "may" file in the court having original jurisdiction over the offense. No 96-4173, 1996 WL 711592, at *2 (6th Cir. Dec. 10, 1996) (holding that section 3145 does "not plainly indicate" that the authority to review a release order "*only* lies in the prosecuting district" (emphasis added)). The Southern District of Texas was persuaded by the Sixth Circuit's reasoning. *United States v. Martinez*, No.

H-10-1260, 2011 WL 52342, at *1 (S.D. Tex. Jan. 6, 2011) (finding that section 3145's permissive language should be read to mean the district judge in the arresting jurisdiction has authority to issue a stay of the magistrate judge's release order in the arresting jurisdiction).

But *Johnson* and *Martinez* do not support a conclusion that the authority to issue a stay of a release order *must* come from the district court of the jurisdiction where the magistrate judge issued the release order. Indeed, in pointing out the permissive language in section 3145, the Sixth Circuit and the Southern District of Texas concluded only that the district court where the release order was issued *also* has the authority to stay and review a release order. *See Johnson*, 1996 WL 711592, at *2–4; *Martinez*, 2011 WL 52342, at *1. Their reading does not foreclose the conclusion reached by this Court: that the district court having original jurisdiction over the offense—that is, the district where charges are pending—may enter a stay of a release order issued by a magistrate judge of a different jurisdiction.

## III.   CONCLUSION

Accordingly, **IT IS ORDERED** that the Government's "Motion for Review of Magistrate Judge's Decision Releasing Defendant on Personal Recognizance, Motion for *De Novo* Detention Hearing in the Western District of Texas, and Motion for Stay of Release Order" (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshals **SHALL TRANSFER** Defendant J. Ruben Gonzalez Romero, a.k.a. Ruben Gonzalez Romero, to the Western District of Texas, El Paso Division.

**IT IS FURTHER ORDERED** that the *de novo* detention hearing is set for **November 15, 2021 at 2:00 p.m.** in Courtroom Number 322, on the Third Floor of the United States Courthouse, 525 Magoffin Avenue, El Paso, Texas.

So ORDERED and SIGNED this 14ᵗʰ day of October 2021.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE